**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONALD IPPOLITO,                                             Docket No. 15-cv-2002

                                Plaintiff,

                              -against-

CALL-A-HEAD CORP. and
CHARLES W. HOWARD,

                                Defendants.
-----------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

**WHEREAS**, on April 10, 2015 DONALAD IPPOLITO ("Plaintiff") commenced an Action in the United States District Court for the Eastern District of New York ("Court"), Docket Number 15-cv-2002 (FB)(MDG) ("Action"), against CALL-A-HEAD CORP. ("CAH") and CHARLES W. HOWARD ("Howard") (collectively referred to as "Defendants"), alleging on behalf of himself that he is due wages, from the Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York State Labor Law, Article 6 and Article 6 regulations; and

**WHEREAS**, on December 25, 2015, the Plaintiff filed a First Amended Complaint, adding claims of disability discrimination pursuant to the Americans With Disabilities Act and the New York City Administrative Code; and

**WHEREAS**, the Defendants deny each and every allegation of wrongdoing asserted in the Action, including, but not limited to, all such allegations contained in the Plaintiff's Complaint and in any other papers filed or served by the Plaintiff; and

**WHEREAS**, after considering and examining the evidence related to the respective claims and defenses in the Action and consistent with the desire of the Plaintiff and the Defendants to resolve the Action in the context of no party having prevailed on its claims and to avoid the costs of further litigation, the Plaintiff and the Defendants have agreed on the payment from CAH to the Plaintiff a sum of money to terminate the litigation with prejudice and for which the Plaintiff shall execute a Release; and

**WHEREAS**, the Plaintiff acknowledges and affirms that the payment that he is receiving from, or that is being paid in his behalf by CAH is based upon the negotiations by and between his Counsel and Counsel for the Defendants for the dismissal of the Action, with prejudice, under the terms of this Negotiated Settlement Agreement ("Agreement") and said payment from CAH to the Plaintiff is therefore, for all intents and purposes, new consideration for the promises and

1

commitments that the Plaintiff has accepted and undertaken pursuant to this Agreement, and not for any past service performed for CAH; and

WHEREAS, the Plaintiff and the Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, public policy or common law, the breach of any contract or commission of any tort or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

WHEREAS, the Plaintiff, who has been represented by Bryan Konoski, Esq., Treyvus & Konoski, P.C. ("Konoski") as his attorney in the Action and in the negotiations leading to this Agreement, after consulting with Konoski, freely and voluntarily (i) enters into this Agreement and execute the Release in the form annexed hereto as Exhibit "A," (ii) authorizes the filing with the Court of the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "B," and (iii) accept the promises and obligations upon him expressed herein; and

WHEREAS, the Defendants who have been represented in the Action and in the negotiations leading to this Agreement by Counsel, Austin Graff, Esq., The Scher Law Firm, LLP ("Defendants' Counsel"), desire, after consulting with Counsel, to freely and voluntarily enter into this Agreement and the Stipulation of Dismissal With Prejudice annexed hereto as Exhibit "B" and to accept the promises and obligations upon it expressed herein; and

WHEREAS, the Plaintiff and the Defendants have had a reasonable period of time to review this Agreement and the annexed Release with their respective Counsel, immediate families, accountants, and other tax advisors;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. The recital "Whereas" clauses set forth above are expressly merged into and made a substantive part of this Agreement.

2. In exchange for the promises made herein:

    a. The Plaintiff shall execute an original signature copy of this Agreement and the General Release in the form annexed hereto as Exhibit "A" and deliver the same to the Defendants' Counsel;

    b. The Defendants shall execute an original signature copy of this Agreement and deliver the same to Konoski;

    c. Within five (5) business days following Konoski's receipt of the complete Settlement Sum, Konoski shall withdraw in writing and with prejudice the Action, entitled "*Ippolito v. Call-A-Head Corp., et al.*" Docket Number 15-cv-2002 by executing and delivering to Defendants' Counsel the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "B". In the event that, for any reason, any complaint, suit, action, charge, claim, and/or proceeding filed by the Plaintiff, by others in his behalf against the Defendants concerning any

2

subject matter covered by this Agreement and the General Release he executes as a condition of this Agreement as provided for in ¶ 2(a) above, is not wholly and finally dismissed with prejudice, the Plaintiff shall not voluntarily testify, provide documents or otherwise voluntarily participate, or permit others to participate on his behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom and to the extent that any recovery is awarded to the Plaintiff for matters released and waived in this Agreement and General Release, he shall be obligated to turn over all monies received, including attorneys' fees awarded to and recovered by him, to the Defendants, as the Defendants shall direct him.

  d. Except as may be prohibited by statute or as otherwise necessary to enforce the terms of this Agreement, the Plaintiff agrees that he shall not institute, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, and/or other proceeding against the Defendants, whether an individual or class action, with any administrative agency, court or other forum, under any federal, state, city or local laws, rules or regulations including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Portal-To-Portal Pay Act, 29 U.S.C. § 251 *et seq.*; the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B, the Immigration Reform and Control Act, as amended; the Sarbanes-Oxley Act of 2002; the United States Internal Revenue Code, Title 26 of the U.S.C.; the New York State Labor Law, Article 6 and regulations thereto, the New York State Human Rights Law, New York Executive Law § 291 *et seq.*; New York City Human Rights Law, NYC Administrative Code § 8-101 *et seq.*; and/or any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for alleged underpayment of wages, employment discrimination, harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, any claim arising under the common law including, but not limited to, any claim for breach of contract, personal injury or any other action, based upon any conduct occurring up to and including the date of the Plaintiff's execution of this Agreement and the accompanying General Release, whichever is later, and shall not seek or accept any award or settlement from any such source or proceeding. In the event the Plaintiff institutes, is party to, or is a member of a class that institutes any such judicial, administrative or arbitral action or proceeding, to the extent that the asserted claims have been released under the terms of this Agreement, the claims therein asserted and released by this Agreement shall be dismissed and/or class membership terminated and the Plaintiff shall take all steps necessary to effect said dismissal/termination of their individual claims/participation. If the Defendants notify the Plaintiff of any such action or proceeding, the Plaintiff shall be required to take the necessary steps to effect his own required dismissal/termination within thirty days of such notice.

  e. Except as may be prohibited by statute or requested by any governmental or enforcement agency, or as necessary to enforce this Agreement, the Plaintiff shall not, in any

3

way, voluntarily assist any individual or entity concerning or prosecuting any action or proceeding against the Defendants including, but not limited to, any administrative agency claims, charges or complaints, lawsuits, counterclaims or cross claims, or in any way voluntarily participate or cooperate in any such action or proceeding as to matters released under the terms of this Agreement. This prohibition applies to every stage of any proceeding, including any trial, pretrial preparation, pre-litigation fact gathering, or administrative agency procedure, and bars the Plaintiff from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntarily assistance to any person or entity who wishes to make or who is making any claim against the Defendants. As to any such contemplated, instituted or filed proceeding, the Plaintiff shall neither seek nor accept any (1) monies, award or recovery therefrom for any matters released and waived by him in this Agreement and the General Release or related to said released or waived matters or (2) compensation for activities in support of any such action or proceeding. To the extent that any monies are awarded or paid to the Plaintiff as a recovery or for activities in support of any such action or proceeding, including activities pre-institution or filing, the Plaintiff shall be obligated to turn over all monies received, including attorneys' fees awarded, to the Defendants.

f. The Plaintiff acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with the Defendants, he is ineligible, pursuant to this Agreement, to hold any positions with CAH now or in the future and shall not apply in the future for employment with CAH. The Plaintiff agrees that if he knowingly or unknowingly applies for a position with CAH, and if he is offered or accepts a position with said entity, then the offer to any of them may be withdrawn, and the Plaintiff may be terminated immediately without notice, cause and recourse regarding his employment and the termination of it. The Plaintiff further agrees that in the event of such an offer and withdrawal, or hiring and termination, as described in this paragraph, he waives any right he may have now or in the future to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer, or termination of employment, since said withdrawal or termination is a material condition of this Agreement that the Plaintiff has accepted. Other than as expressly set forth herein, there shall be no penalties or repercussions of any kind as a result of any alleged breaches of this paragraph.

g. The Defendants, in consideration of the promises and other good and valuable consideration received from the Plaintiff, hereby reciprocally releases the Plaintiff from any and all liabilities, claims and causes of action whatsoever, from the beginning of the world through the date of the execution of this Agreement.

3. Settlement Sum:

a. In exchange for the promises made by the Plaintiff contained in this Agreement and in the General Release annexed hereto as Exhibit "A," the Defendants agree to pay the Plaintiff the settlement sum of **Eight Thousand Five Hundred Dollars ($8,500.00)** ("Settlement Sum"), which Settlement Sum is inclusive of any and all claims for damages, interest, attorneys' fees, costs, disbursements, etc., that the Plaintiff has or may have against the Defendants for the Action or as to any other matter through the date that the Plaintiff executes this Agreement and the General Release, whichever is executed later, to be paid in three payments, 30 days apart as follows: (a) $2,800.00 to be paid 30 days following Defendants' counsel's receipt of the original copy of the Plaintiff's executed Agreement to be held in escrow by Konoski until the Court approves the Agreement; (b) $2,800.00 to be paid 60 days following Defendants' counsel's receipt

of the original copy of the Plaintiff's executed Agreement to be held in escrow by Konoski until the Court approves the Agreement; and (c) $2,900.00 to be paid 90 days following Defendants' counsel's receipt of the original copy of the Plaintiff's executed Agreement, to be held in escrow by Konoski until the Court approves the Agreement. If the Court denies the approval of this Agreement, the parties shall revert to their status prior to signing this Agreement, Konoski shall return the monies held in escrow to the Defendants' counsel, and the litigation shall proceed. The payments shall be distributed by Konoski as follows:

| AMOUNT TO BE PAID |
| --- |
| $500.00 representing the disbursements, expenses and fees incurred by the Planitiff in the course of this Action, payable to the Law Offices of Treyvus & Konoski, P.C. |
| $2,666.67 in attorneys' fees payable to the Law Offices of Treyvus & Konoski, P.C. |
| $$5,333.33 payable to the Plaintiff |
|  |

b. The Settlement Sum being paid to and in behalf of the Plaintiff in the amount and on or before the date described immediately above in ¶ 3(a) based upon the Plaintiff's and the Defendants' decisions to resolve the litigation of the Action in order to avoid incurring further fees and costs. The manner in which the payments are being divided and characterized is pursuant to the Plaintiff's request. A material condition of this Agreement is that the parties to it neither admit, nor shall it be inferred by the existence of this Agreement and the General Release and/or their terms, that the Defendants have admitted to the violation of any law, regulation, rule, contract, agreement or understanding applicable to the Defendants' employment of any of the Plaintiff.

c. All payments from the Defendants shall be made by check and payable to "Law Offices of Treyvus & Konoski, P.C., as attorneys" and shall be mailed via UPS or FEDEX overnight mail no later than the date due to Law Offices of Treyvus & Konoski, P.C. c/o Bryan Konoski, Esq., Treyvus & Konoski, P.C., 305 Broadway, 14th Floor, New York, New York 10007. Konoski shall not release to the Plaintiff or to himself any monies it receives from the Defendants until Konoski provides the Defendants' Counsel with Konoski's taxpayer identification number and the Court has approved this Agreement.

d. In the event of any default in the scheduled payments of ¶ 3(a), Konoski shall notify the Defendants' Counsel in writing of the Default by fax to Defendants' Counsel's fax number and the Defendants shall have ten (10) business days from Defendants' Counsel's receipt of the notice of default to make the payment to Konoski, so that it is received on or before the 10th business day after receipt of the notice. In the event that the Defendants fail to make the payment in the ten (10) business days from the date Defendants' Counsel received notice, the Defendants shall immediately be liable for the unpaid balance due on the Settlement Sum and the reasonable

5

attorneys' fees, expenses, and statutory costs incurred to collect the unpaid balance due to the extent any collection proceedings are filed with a court to enforce the terms of this Agreement. .

e. The payments in ¶ 3(a) shall not become due and owing until the Defendants' Counsel receives from the Plaintiff an original signature executed copy of this Agreement and the General Release in the form annexed hereto as Exhibit "A," executed by the Plaintiff before a notary public.

4. After the end of calendar year 2016 CAH shall issue to the Plaintiff an IRS Form 1099-Misc for the Settlement Sum paid pursuant to ¶ 3(a). The forms shall be forwarded to both the Law Offices of Treyvus & Konoski, PC, at 305 Broadway, 14th Floor, New York, NY, 10007, as well as the Plaintiff, Donald Ippolito, at his residential address located at 19 Alice Court, East Rockaway, NY, 11518. The Plaintiff shall be solely responsible for the payment of his portion of all taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Sum paid pursuant to ¶ 3(a) above. The Plaintiff further agrees to indemnify and hold the Defendants harmless against any tax liabilities, including, but not limited to, any interest and/or penalties that the Defendants may incur as a result of paying the Settlement Sum pursuant to ¶ 3(a) above for employee-side tax withholdings, if any. In the event the Defendants receive notice of a claim subject to the Plaintiff's indemnity/hold harmless obligation, Defendants' Counsel shall notify Konoski herein in writing.

5. The Plaintiff understands and agrees that he would not be entitled to receive the consideration specified in ¶ 3(a), the Settlement Sum, except for their fulfillment of all the promises contained in this Agreement and in the General Release in the form annexed hereto as Exhibit "A."

6. The Plaintiff and the Defendants agree that they will not make, authorize or instruct any other person to make, whether in oral, print, electronic or other form, any false, disparaging or derogatory remarks about, or refer negatively, to the other. The Plaintiff and the Defendants understand and agree that a violation of this paragraph may constitute a material breach of this Agreement which may cause the non-breaching party to suffer immediate, substantial and/or irreparable injury, and which may be a sufficient basis for a Court to award injunctive relief against the breaching party to cease and desist from further violations of the terms of this paragraph without requiring proof of said damages and without affecting the remainder of this Agreement.

7. No later than five (5) business days following Konoski's receipt of the complete Settlement Sum, the Action shall be dismissed in its entirety and with prejudice. Provided that all of the payments provided for herein are timely made, the Plaintiff and the Defendants agree not to seek any interest, fees or costs from the Court and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Action.

8. Any notice required by this Agreement shall be given by express or certified mail to the following addresses or such other address as any party may specify to the other, as provided herein. Notice shall be deemed duly given when so mailed to:

For the Plaintiff:

Bryan Konoski, Esq.
Treyvus & Konoski, P.C.
305 Broadway, 14th Floor
New York, NY 10007

For the Defendants:

Austin Graff, Esq.
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, NY 11514
Fax # 516-747-9100
(only for ¶ 3(d) notice of default purposes)

9. This Agreement supersedes all prior and contemporaneous understandings by and between the parties and represents the complete expression of the understandings by and between the Plaintiff and the Defendants. No other promises or agreements shall be binding or shall modify this Agreement unless signed by the Plaintiff and an authorized representative of the Defendants, specifically referring to this Agreement and the modification or amending of it.

10. This Agreement and General Release shall be governed and interpreted in accordance with the law of the State of New York without regard to its conflict of law provision. Should any provision of this Agreement or General Release in the form annexed hereto as Exhibit "A," be declared illegal, unenforceable or void by any court of competent jurisdiction, in whole or in part, and cannot be modified to be enforceable, excluding the general release language, such provision or portion thereof shall be deemed severable from the remainder of this Agreement and the accompanying General Release and shall in no way affect, impair or invalidate any other provision contained therein. However, if any portion of the General Release language set forth in this Agreement and/or the General Release in the form annexed hereto as Exhibit "A" is declared unenforceable for any reason, the parties still agree not to engage in any conduct prohibited by ¶ 6 above. Further, should any provision of this Agreement require interpretation or construction, it is agreed by the Plaintiff and the Defendants that the entity interpreting or construing this Agreement shall not apply a presumption that the provisions shall be more strictly construed against one party by reason of the rule of construction that in cases of ambiguity a document is to be construed more strictly against the party who drafted it.

11. The Plaintiff may revoke this Agreement for a period of seven (7) calendar days following the day he executes this Agreement before a Notary Public. Any revocation within the seven day period following the Plaintiff's execution of this Agreement and the General Release, must be submitted, in writing, to the Defendants' Counsel and state, "I hereby revoke my acceptance of the Negotiated Settlement Agreement and General Release between myself, CALL-A-HEAD CORP." The revocation must be delivered to Austin Graff, Esq., The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, NY 11514 within seven (7) calendar days following the day the Plaintiff executes this Agreement and General Release. This Agreement and

7

General Release shall not become effective or enforceable until the revocation period has expired without the Plaintiff revoking this Agreement by the means prescribed herein. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the State of New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

14. Upon the merger or consolidation of CAH into or with another entity, or upon the sale of all or substantially all the assets, business and goodwill of CAH, this Agreement and Release shall bind and inure to the benefit of CAH, and the acquiring, succeeding or surviving entities, as the case may be.

15. No delay or omission by any party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

16. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. In addition, a facsimile signature contained hereon shall be deemed an original.

BY EXECUTING THIS AGREEMENT, THE PLAINTIFF AFFIRMS THAT HE HAS BEEN PROVIDED NO LESS THAN TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND GENERAL RELEASE.

THE PLAINTIFF MAY EXECUTE THIS AGREEMENT PRIOR TO THE EXPIRATION OF THE TWENTY-ONE (21) DAY PERIOD AND IN DOING SO ACCEPTS ITS TERMS AND ACKNOWLEDGES AND ADMITS THAT THE DEFENDANTS HAVE NOT THREATENED TO WITHDRAW OR ALTER THE TERMS OF THIS AGREEMENT PRIOR TO THE EXPIRATION OF THE TWENTY-ONE (21) DAY PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO THE PLAINTIFF AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "3" ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE DEFENDANTS, THROUGH THE DATE OF HIS EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

BY EXECUTING THIS DOCUMENT, THE PLAINTIFF ACKNOWLEDGES, ADMITS, AND REPRESENTS TO THE DEFENDANTS THAT HE FULLY UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE GENERAL

BY EXECUTING THIS DOCUMENT, THE PLAINTIFF ACKNOWLEDGES, ADMITS, AND REPRESENTS TO THE DEFENDANTS THAT HE FULLY UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE GENERAL RELEASE, WHICH HAVE BEEN EXPLAINED TO HIM BY HIS ATTORNEY, AND THAT ANY AND ALL QUESTIONS THE PLAINTIFF HAD CONCERNING THE TERMS AND CONDITIONS OF THIS AGREEMENT AND THE GENERAL RELEASE HAVE BEEN ANSWERED BY HIS COUNSEL TO THE PLAINTIFF'S SATISFACTION.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Negotiated Settlement Agreement and General Release as of the dates set forth below.

| DONALD IPPOLITO | STATE OF NEW YORK |
| --- | --- |
| By: *Donald Ippolito* / Donald Ippolito | COUNTY OF Nassau ss.: On the 12 day of February 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Donald Ippolito personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument. *Theresa Caprese* Notary Public |
| By: *[signature]* / Bryan Konoski, Esq., As Escrow Agent Only | Date 3/1/16 |
| CALL-A-HEAD CORP. By: *[signature]* / Charles W. Howard, President | STATE OF NEW YORK COUNTY OF Nassau ss.: On the 25 day of February 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles W. Howard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument. Notary Public |
| CHARLES W. HOWARD By: *[signature]* / Charles W. Howard | STATE OF NEW YORK COUNTY OF Nassau ss.: On the 21 day of February 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles W. Howard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument. Notary Public |

KORYNN A. BOTTONE
Notary Public, State of New York
No. 01BO5071995
Qualified in Nassau County
Commission Expires Jan 21, [illegible] 19

THERESA CAPRISE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6318388
Qualified in Nassau County
My Commission Expires January 26, 2019

Exhibit A – General Release Form

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DONALD IPPOLITO,

                                       Plaintiff,                Docket No. 15-cv-2002

                -against-                                   GENERAL RELEASE

CALL-A-HEAD CORP. and
CHARLES W. HOWARD,

                                   Defendants.
-------------------------------------------------------------X

     TO ALL IN WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT

     DONALD IPPOLITO, AS RELEASOR, in consideration of the promises and other good and valuable consideration received from the Defendants, CALL-A-HEAD CORP. and CHARLES W. HOWARD hereby

     RELEASES and forever discharges CALL-A-HEAD CORP. and CHARLES W. HOWARD, in their individual, official and in their corporate capacities and their affiliated entities, and their officers, directors, trustees, administrators, executors, agents, attorneys, employees, former employees, predecessors, successors and assigns, in their capacities as such (each individually and all collectively referred to herein as "RELEASEE") from all actions, causes of action, suit, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, and any and all other proceedings, claims, charges, complaints and demands whatsoever, in law or in equity, known or unknown against the RELEASEE, which the RELEASOR, the RELEASOR'S heirs, executors, administrators, agents, attorneys, successors and/or assigns may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever, including, but not limited to, those relating to RELEASOR's employment with RELEASEE and/or arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Portal-To-Portal Pay Act, 29 U.S.C. § 251 *et seq.*; the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B *et seq.*, the Immigration Reform and Control Act, as amended; the Sarbanes-Oxley Act of 2002; the United States Internal Revenue Code, Title 26 of the U.S.C.; the New York State Labor Law, Article 6 and regulations

1

Article 6 and regulations thereto, the New York State Human Rights Law, New York Executive Law § 291 *et seq.*; New York City Human Rights Law, NYC Administrative Code § 8-101 *et seq.*; and/or any other federal, state, city or local human rights, civil rights, pension, employee benefits, wage and hour, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for payment of wages, employment discrimination, harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, any claim arising under the common law including, but not limited to, any claim for breach of contract, personal injury, or any other action, based upon any conduct occurring from the beginning of the world up to and including the date of RELEASOR's execution of this GENERAL RELEASE, but specifically excluded from this General Release are any rights created pursuant to the Settlement Agreement in this Action.

RELEASOR represents by his execution of this RELEASE that he has been advised in writing to consult with an attorney, read this GENERAL RELEASE and been given a reasonable time to consider all of its terms prior to executing this GENERAL RELEASE. RELEASOR represents that he fully understands that by signing below he is voluntarily giving up all claims he has and may have against the RELEASEE as of the Executing Date hereof.

2/12/16
Date

Donald Ippolito *(signed)*
Donald Ippolito, Releasor

STATE OF NEW YORK    )
                     )ss:
COUNTY OF Nassau     )

On the 12th day of ~~October 2015~~ February, 2016, before the undersigned, a Notary Public in and for the State of New York, personally appeared Donald Ippolito, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

*(signed)*
Notary Public

THERESA CAPRISE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6318386
Qualified in Nassau County
My Commission Expires January 26, 2019

2

**Exhibit B – Stipulation of Voluntary Discontinuance**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
X
DONALD IPPOLITO,

                                 Plaintiff,         Docket No. 15-cv-2002

              -against-                    STIPULATION OF
                                                          DISCONTINUANCE WITH
CALL-A-HEAD   CORP.  and                  PREJUDICE
CHARLES W. HOWARD,

                                 Defendants.
-----------------------------------------------------------
X

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties to the above-entitled action that having been expressly authorized by the parties to enter into this Stipulation, pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii), the Plaintiff's First Amended Complaint is dismissed with prejudice. Except as otherwise agreed between them, each party shall bear its own costs, fees, and attorneys' fees.

Dated:      February 17, 2016

_____
Bryan Konoski, Esq.
Treyvus & Konoski, P.C.
*Attorneys for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
Tel #: (212) 897-5832

_____
Austin Graff (AG-0096)
The Scher Law Firm, LLP
*Attorneys for the Defendants*
One Old Country Road, Suite 385
Carle Place, NY 11514
Tel. # (516) 746-5040

1